UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:17-cv-62149-BLOOM/Valle

JOSE ZAMORA,

    Plaintiff,

vs.

TARGET CORPORATION,
a foreign corporation,

    Defendant.
_____/

# DEFENDANT'S REPLY TO PLAINTIFF'S OBJECTION TO RULE 35 EXAMINATION OF THE PLAINTIFF AND MOTION TO MODIFY EXPERT REPORT DISCLOSURE DEADLINE

The Defendant, TARGET CORPORATION ("Target"), by and through undersigned counsel, and pursuant to Rules 35 and 16(b)(4) of the Federal Rules of Civil Procedure, as well as Rule 7.1 of the Local Rules for the U.S. District Court for the Southern District of Florida, hereby files this its Reply to the Plaintiff's Objection to the Rule 35 Examination of the Plaintiff and its Motion to Modify the Expert Report Disclosure Deadline [DE 25], for the grounds set forth in its Memorandum of Law.

## Memorandum of Law

### A. Rule 35 motion

As a threshold matter, in his objection filed with this Court, the Plaintiff does not contest the existence of good cause for the Defendant's Rule 35 motion requiring him to attend a physical examination, the qualifications of Dr. Routman, nor any of the conditions requested for the physical examination sought. He further acknowledges that the date and time of the

examination, May 22, 2018 at 10:00 a.m., was first coordinated by the Defendant with the office of Plaintiff's counsel and that they confirmed his availability to attend same (p. 2 of Plaintiff's Objection), which as previously noted was followed by a written instruction from their office to forward a notice setting the examination (see DE 21 Defendant's Motion for Rule 35 exam, exhibit 5). As such, Plaintiff's subsequent argument in his Objection that the examination was somehow unilaterally set is respectfully inaccurate. To the extent that counsel for the Plaintiff did subsequently thereafter advise of his objection to the examination, counsel for the Defendant Carl Bober, Esq., conferred with Plaintiff's counsel on the same day, May 9th, in an effort to address and resolve the issue, and was again instructed by Plaintiff's counsel to serve the Notice, which was done by the Defendant the following day. Therefore, any suggestion that examination was unilaterally set is without merit.

  B. **Rule 16 motion**

  Plaintiff does not dispute in his Objection that the Defendant timely disclosed the identity of its experts and provided counsel with the respective experts' c.v.'s, fee schedules, and testimony lists. Clearly, the Plaintiff's primary objection to the Defendant's Rule 35 examination is directed almost entirely to the question of the timing of the disclosure of the expert reports to be provided by the Defendant's experts. In support of this argument, Plaintiff cites a number of opinions for the proposition that the report requirement of Rule 35 must be read in conjunction with Rule 26 requirement. As was noted previously in the Defendant's Rule 35 motion, while there is disagreement among the District Courts on whether the requirements for a Rule 26 expert report and a Rule 35 report should be applied independently of each other or read in conjunction with one another, see Diaz v. Con-Way Truckload, Inc. 279 F.R.D. 412, 416 (S.D. Tex. 2012)(stating that "…the few courts that have addressed the…issue [do so] in an

inconsistent manner"), the Defendant does again acknowledge that the district courts in Florida that have considered this issue do require the rules to be read in conjunction with each other with respect to the timing of the disclosure of the reports.

However, with respect to the question of whether good cause exists to modify the Court's deadline for the Defendant's proposed disclosure of the expert reports, the cases relied upon by the Plaintiff are factually distinguishable from the facts of this matter (the facts of which are discussed and distinguished further below). Rather, as noted, the Defendant would state that good cause exists with the Court's consent to modify the deadline for expert report disclosure, based upon the factors guiding this Court's determination of good cause: (1) the explanation for the failure to adhere to the deadline; (2) the importance of the proposed modification to the scheduling order; (3) potential prejudice in allowing the testimony or the supplement; and (4) the availability of a continuance to cure such prejudice. Id. at 422; Jackson v. Deen, 959 F. Supp. 2d 1346 (S.D. GA 2013).

Contrary to the Plaintiff's argument that the Defendant offered no explanation regarding the failure of the adhere to the deadline, Defendant previously noted in its Rule 16 motion that the Plaintiff had first revealed during his February 27th, 2018, deposition, his application for Social Security Disability benefits for claimed physical disability related to numerous physical conditions (included for some of his alleged injuries in this case), that he had undergone a physical examination related to that disability claim, and that Social Security possessed clearly relevant medical records of his treatment for the conditions giving rise to his physical disability. In his Objection, Plaintiff did not offer any explanation for his delay in returning the executed consent form needed to obtain this important information from the Social Security Administration until March 21, 2018, nor of its impact upon the Defendant timely obtaining

these records, nor did he dispute the significance of the volume of Social Security Disability records that were not received back from Social Security by counsel for the Defendant until May 3, 2018 (four calendar days/two business days before the May 7th disclosure deadline). Likewise, Plaintiff in his Objection did not dispute that these records are necessary and important for the Defendant's expert to review as part of any prospective Rule 35 examination, or respond to the Defendant's position that this circumstance caused the defendant to refrain from completing the Rule 35 examination prior to May 7th (since its expert would have been without significant medical records and examination reports from Social Security during the Plaintiff's exam). These facts, combined with the Defendant's previously discussed efforts to ensure that expert discovery would still otherwise be completed in advance of the Court's expert discovery deadline, are a substantial justification for the delay in not seeking to set the Rule 35 exam sooner. For his part, Plaintiff argues on this issue only that he provided a 'plethora' of other medical records and bills in opposition to the Defendant's motion.

Similarly, with respect to the second factor related to the determination of good cause, Plaintiff did not dispute in his objection the importance of the proposed modification to the scheduling order sought by the Defendant with regard to his conflicting and changing injury claims in this case. There is no argument advanced by Plaintiff in opposition to the critical significance to the defense in this case that it be allowed to conduct its Rule 35 examination of the Plaintiff and thereafter disclose/rely upon the defense experts' opinions, given the clear dispute and controversy over the Plaintiff's claimed physical condition.

Most importantly, Plaintiff's objection fails to establish the existence of any harmful prejudice to the Plaintiff were the Court to grant the relief sought and modify the expert report deadline. Plaintiff would be provided the report of Dr. Robert Kagan by May 22, 2018, and Dr.

Routman's report on or before May 25, 2018, which reports will comply with the requirements of Rule 26. Subsequent to these disclosures, Plaintiff will be able to conduct and complete the depositions of these experts, should he wish to do so, prior to June 4, 2018, the deadline for the completion of expert discovery in this cause (as noted, proposed dates have already been supplied to the Plaintiff in order to conduct same). Under such circumstances, allowing the extension sought would be harmless to the Plaintiff.  See Gomez v. Pagan, 2014 U.S. Dist. LEXIS 188869, and authorities cited therein (OFS Fitel, LLC v. Epstein, Becker and Green, P.C., 549 F.3d 1344, 1364 (11th Cir. 2008) (finding plaintiff violated *Rule 26* but the violation was harmless because the passage of time did not affect defendant's ability to get a rebuttal expert); S.E.C. v. Huff, 2010 U.S. Dist. LEXIS 6916, 2010 WL 228000, at *3 (noting sufficient time exists for defendants to remedy the situation and not be seriously prejudiced); In re Terazosin Hydrochloride Antitrust Litig., 2005 U.S. Dist. LEXIS 45881, 2005 WL 5955699, at *9 (explaining the defendants were not prejudiced by the late filing of the expert witness report because of the amount of time between the filing of the report and trial); Ellison v. Windt, No. 6:99-CV-1268-ORLKRS, 2001 U.S. Dist. LEXIS 1347, 2001 WL 118617, *2 (M.D. Fla. Jan 24, 2001)(concluding a party's belated disclosure of an expert report was harmless because the other party had an opportunity to depose the expert before trial).  To the extent that Plaintiff would seek or need to provide an expert rebuttal report, if any, the Defendant would have no objection to the Court extending the Plaintiff's deadline to do so until the existing June 4th expert discovery deadline, or to such date as the Court deems proper. Therefore, the extension sought by the Defendant would certainly not impact the October 2018 trial date, nor any other of the pre-trial deadlines set forth in the Court's Trial and Pre-Trial scheduling order in this cause. As noted, the

exclusion of expert testimony is a severe sanction that is not appropriate where a party's actions do not result in prejudice to the opposing party. Id.

With regard to the primary authorities cited by the Plaintiff in its Objection, the cases are demonstrably factually distinguishable from the facts involved here or are otherwise inapposite, particularly in those cases concerning the timing of when the party was requesting to conduct the Rule 35 examination and on the issue of potential prejudice.  For example, in the Roberson v. Church case, the Defendant there sought to conduct a Rule 35 exam more than a month (approximately six weeks) after the deadline for pre-trial discovery; here the Defendant has plainly sought to complete the Rule 35 exam prior to the expiration of the discovery/expert discovery deadline.  In the Lamour v. Applied Credit Systems case, the Defendant's motion was filed two months after the expert disclosure deadline, the Defendant failed to provide any good cause explanation for the delay, and the Defendant failed to ensure that Plaintiff would have a timely and meaningful opportunity to conduct pre-trial depositions; here, the Defendant first requested to conduct the Rule 35 exam two days following expert disclosure (and four business days following its receipt of the Plaintiff's Social Security Disability records), filed its Rule 35 motion four days later when an agreement could not be reached with Plaintiff's counsel as to his objection; and provided counsel for the Plaintiff with confirmed dates for the depositions of its experts to be conducted prior to the completion of the expert discovery deadline.  Of note, the Kendall Lakes Towers Condo case cited by Plaintiff is arguably supportive of the Defendant's position here; there, the Court denied a motion to strike an expert witness who was disclosed after the deadline and was improperly designated as a rebuttal expert. The Kendall Court used the four factor test and notwithstanding a finding that the late disclosure was not substantially justified, held that the expert was critical to the Plaintiff's case and that prejudice was minimized

by allowing additional time for Defendant to take the expert's deposition. Likewise, in the <u>Minnard v. Rotech</u> case, the Court granted Defendant's motion for an examination, which was requested by Defendant after expert disclosure, and considered the request to be supplemental information pursuant to Rule 26(a)(2)(b). Court held that a slight delay in asking for the Rule 35 exam did not involve a purposeful manipulation of the scheduling order to delay rendition of an expert's opinion.

Given the foregoing, the Defendant TARGET CORPORATION respectfully would assert that this Court should therefore enter an order granting its Motion to Compel a Rule 35 Examination with the examination of the Plaintiff to be conducted subject to the conditions set forth therein, and further granting its Motion to Modify the Expert Report Disclosure Deadline and ordering that the Defendant be permitted to provide Plaintiff the report of Dr. Robert Kagan on or before May 22, 2018, and to provide Dr. Routman's report on or before May 25, 2018, and such further relief as the Court deems proper.

**Certificate of Compliance with Local Rule 7.1(B)**

Counsel for the Defendant has attempted in good faith to resolve the issues raised by these motions and has conferred with Plaintiff's counsel both by phone and electronically prior to the filing of these motions, but was unable to do so.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically submitted on May 15, 2018 via CM/ECF which will send notices of electronic submission to: Jason R. Manocchio, Esquire, 520 West Hallandale Beach Blvd. Hallandale Beach, FL 33009 [jason@fenstersheib.com]; [jm-pleadings@fenstersheib.com].

>Vernis & Bowling of Broward, P.A.
>5821 Hollywood Blvd, First Floor
>Hollywood, FL  33021
>Ph: (954) 927-5330/Fax: (954) 927-5320
>Attorneys for Target Corporation

|  |  |
|---|---|
| BY: | */s/ Carlton Bober* |
|  | Carlton A. Bober, Esquire |
|  | Florida Bar No.: 827710 |
|  | Cbober@Florida-Law.com |
|  | Nicole Ramos-Barreau, Esquire |
|  | Florida Bar No.: 85291 |
|  | Nramos-barreau@Florida-Law.com |